Chris H. Stewart, Esq. Stewart Law Firm 1020 West 4th Street, Ste. 400 Little Rock, Arkansas 72201
Dear Mr. Stewart:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of the popular name and ballot title for a proposed constitutional amendment. You have previously submitted similar measures, which this office rejected due to ambiguities in the text of your proposed amendments. See Ops. Att'y Gen. Nos. 2009-196 and 2009-179. You have made changes in the text of your proposal since your last submission and have now submitted the following proposed popular name and ballot title for my certification:
 Popular Name AN AMENDMENT TO REPEAL ALL STATE TAXES AND ENACT A FLAT RATE SALES TAX Ballot Title A CONSTITUTIONAL AMENDMENT TO REPEAL ALL STATE TAXES AND TO ENACT A FLAT RATE SALES TAX; EFFECTIVE JULY 1, 2012, ALL STATE TAXES ARE REPEALED AND A FLAT RATE SALES TAX SHALL BE ENACTED; THE GENERAL ASSEMBLY SHALL DETERMINE THE FLAT RATE SALES TAX RATE; THE GENERAL ASSEMBLY SHALL DETERMINE THE DISTRIBUTION OF THE FLAT RATE SALES TAX; THE GENERAL ASSEMBLY *Page 2 
SHALL DETERMINE THE FLAT RATE SALES TAX BEFORE JULY 1, 2012; THE GENERAL ASSEMBLY MAY CHANGE THE INITIAL RATE OF THE FLAT RATE SALES TAX BY A VOTE OF AT LEAST THREE-FOURTHS (3/4THS) OF THE MEMBERS ELECTED TO EACH HOUSE; THE FLAT RATE SALES TAX RATE MAY IMPACT CURRENT STATE REVENUES; THE FLAT RATE SALES TAX SHALL NOT INHIBIT OR AFFECT THE POWER OF A COUNTY OR MUNICIPALITY TO LEVY AND COLLECT LOCAL TAXES; NO FLAT RATE SALES TAX IS IMPOSED ON: A TAXABLE PROPERTY OR SERVICE PURCHASED IN THE STATE FOR A BUSINESS PURPOSE; A TAXABLE PROPERTY OR SERVICE PURCHASED IN THE STATE FOR AN INVESTMENT PURPOSE AND HELD EXCLUSIVELY FOR AN INVESTMENT PURPOSE; A TAXABLE PROPERTY THAT HAS BEEN TAXED AT THE INITIAL RETAIL LEVEL AND IS TRANSFERRED BY A SUBSEQUENT SALE; EDUCATION TUITION FOR PRIMARY, SECONDARY, OR POSTSECONDARY LEVEL EDUCATION AND JOB-RELATED TRAINING COURSE; THIS DOES NOT INCLUDE COSTS AND FEES ASSOCIATED WITH ROOM, BOARD, SPORTS ACTIVITIES, RECREATIONAL ACTIVITIES, HOBBIES, GAMES, ARTS OR CRAFTS OR CULTURAL ACTIVITIES; AND, SERVICES REQUIRED BY FEDERAL, STATE OR LOCAL LAWS TO BE PERFORMED BY A PERSON; EACH CITIZEN WILL BE PAID A MONTHLY CITIZEN PAYMENT; THE PAYMENT WILL BE EQUAL TO THE FLAT RATE SALES TAX MULTIPLIED BY THE VALUE OF THE POVERTY LEVEL DIVIDED BY TWELVE PAYMENTS; THE ANNUAL POVERTY LEVEL SHALL BE DETERMINED BY THE DEPARTMENT OF HEALTH AND HUMAN SERVICES.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and *Page 3 
ballot title are sufficiently misleading, may reject the entire petition. Neither certification nor rejection of a popular nameand ballot title reflects my view of the merits of the proposal.This Office has been given no authority to consider the merits ofany measure.
In this regard, A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. In addition, following Arkansas Supreme Court precedent, this office will not address the constitutionality of proposed measures in the context of a ballot title review unless the measure is "clearly contrary to law." Kurrus v. Priest, 342 Ark. 434,29 S.W.3d, 669 (2000); Donovan v. Priest, 326 Ark. 353,931 S.W.2d 119 (1996); and Plugge v. McCuen, 310 Ark. 654,841 S.W.2d 139 (1992). Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act.
The purpose of my review and certification is to ensure thatthe popular name and ballot title honestly, intelligibly, and fairlyset forth the purpose of the proposed amendment or act. SeeArkansas Women's Political Caucus v. Riviere, 283 Ark. 463, 466,677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device.Pafford v. Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v.Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976); Moore v.Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417,316 S.W.2d 185 (1958); Becker v. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed."Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), *Page 4 
citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990);Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988);Hoban v. Hall, supra; and Walton v. McDonald,192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see
A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen,310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring.Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law.Christian Civic Action Committee v. McCuen, 318 Ark. 241,884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v.Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Applying the above precepts, it is my conclusion that a more suitable, complete, and correct popular name and ballot title should be substituted for those proposed. The following are hereby certified to ensure that the popular name and ballot title, when construed together, accurately set forth the purpose of the proposed amendment:
 Popular Name A CONSTITUTIONAL AMENDMENT TO REPEAL ALL STATE TAXES AND ESTABLISH A FLAT RATE SALES TAX Ballot Title AN AMENDMENT PROVIDING THAT, EFFECTIVE JULY 1, 2012, ALL EXISTING TAXES LEVIED BY THE STATE'S GENERAL ASSEMBLY ARE REPEALED AND A FLAT RATE SALES TAX SHALL BE ENACTED. ALL REVENUES GENERATED BY ANY TAX LEVIED BY THE GENERAL ASSEMBLY WILL CEASE ON JULY 1, 2012, INCLUDING REVENUES FROM ALL CAPITAL GAINS TAXES, ALL *Page 5 
CORPORATE TAXES, ALL INCOME TAXES, ALL PAYROLL TAXES, AND ALL REAL ESTATE TRANSFER TAXES. TO PROVIDE A SOURCE OF STATE REVENUE, THE GENERAL ASSEMBLY SHALL, BEFORE JULY 1, 2012, DETERMINE THE RATE OF THE FLAT RATE SALES TAX. THE GENERAL ASSEMBLY SHALL DETERMINE THE DISTRIBUTION OF THE FLAT RATE SALES TAX. THE RATE OF THE SALES TAX MAY IMPACT CURRENT REVENUES AND STATE SERVICES. THE GENERAL ASSEMBLY MAY CHANGE THE INITIAL RATE OF THE FLAT RATE SALES TAX BY A VOTE OF AT LEAST THREE-FOURTHS OF THE MEMBERS ELECTED TO EACH HOUSE. EACH CITIZEN WILL BE PAID A MONTHLY CITIZEN PAYMENT. THE MONTHLY PAYMENT WILL BE DETERMINED BY THE FOLLOWING FORMULA: THE RATE OF THE TAX MULTIPLIED BY THE VALUE OF THE POVERTY LEVEL DIVIDED BY TWELVE. THE ANNUAL POVERTY LEVEL SHALL BE DETERMINED BY THE DEPARTMENT OF HEALTH AND HUMAN SERVICES. THE FLAT RATE SALES TAX SHALL NOT INHIBIT OR AFFECT THE POWER OF A COUNTY OR MUNICIPALITY TO LEVY AND COLLECT LOCAL TAXES. NO FLAT RATE SALES TAX IS IMPOSED ON: A TAXABLE PROPERTY OR SERVICE PURCHASED IN THE STATE FOR A BUSINESS PURPOSE; A TAXABLE PROPERTY OR SERVICE PURCHASED IN THE STATE FOR AN INVESTMENT PURPOSE AND HELD EXCLUSIVELY FOR AN INVESTMENT PURPOSE; A TAXABLE PROPERTY THAT HAS BEEN TAXED AT THE INITIAL RETAIL LEVEL AND IS TRANSFERRED BY A SUBSEQUENT SALE; EDUCATION TUITION FOR PRIMARY, SECONDARY, OR POSTSECONDARY LEVEL EDUCATION AND JOB-RELATED TRAINING COURSE; AND SERVICES REQUIRED BY FEDERAL, STATE OR LOCAL LAWS TO BE PERFORMED BY A PERSON.
In my view, the purpose of your proposed measure is sufficiently stated in the above revised ballot title to satisfy this office's mandate under A.C.A. § 7-9-107. I believe a cautionary note is warranted, however, due to the significance of the *Page 6 
subject matter undertaken (i.e., taxation) and the complexity and far-reaching effects of this amendment. You should be aware that according to my experience there is a direct correlation between complexity of initiated constitutional amendments and their susceptibility to a successful ballot title challenge. Any ambiguity in the text of a measure could lead to a successful challenge.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers must precede every petition, informing them of the privileges granted by the Constitution and of the penalties imposed for violations of this act. Enclosed herewith, over the signature of the Attorney General, are instructions that should be incorporated in your petition prior to circulation.
Sincerely,
DUSTIN McDANIEL Attorney General